**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1700
_____

OSCAR GARCIA ESTRADA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(No. A205-754-912)
Immigration Judge: Alberto J. Riefkohl
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 25, 2021.

Before: RESTREPO, BIBAS, and PORTER, *Circuit Judges*

(Filed: January 25, 2021)
_____

**OPINION**[*]
_____

BIBAS, *Circuit Judge*.

In 2004, Oscar Garcia Estrada, a Mexican national, illegally entered the United States.

In 2013, the Government tried to deport him. He applied for asylum, withholding of re-

moval, and relief under the Convention Against Torture.

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

Garcia Estrada's original application, in 2016, was sparse, including only his birth certificate, his passport, and two general articles about crime in Veracruz, Mexico. So an immigration judge gave him a year to gather more evidence. When he missed that deadline, the immigration judge gave him another year. But he missed that deadline too. Finally, after two years, the immigration judge "consider[ed] the application for asylum abandoned" and ordered him deported. AR 122.

Garcia Estrada appealed to the Board of Immigration Appeals. He argued that the immigration judge should not have treated his application as abandoned, but instead should have considered the case based on the limited evidence before him. The Board disagreed and, in 2019, dismissed the appeal.

Two months later, Garcia Estrada moved to reopen his case. This time, he attached fifty pages of supporting evidence. But in 2020, the Board denied his motion because he never explained why he had not submitted the evidence earlier. Garcia Estrada petitions for review of that second decision. We will deny the petition.

First, Garcia Estrada argues that the Board did not consider his new evidence. But it was not allowed to. "A motion to reopen proceedings shall not be granted unless it appears to the Board that [the] evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing … ." 8 C.F.R. § 1003.2(c)(1) (2020). Because he never claimed that he could not have presented the evidence earlier, the Board could not have reopened his case.

Second, Garcia Estrada asserts that by ignoring his evidence, the Board violated due process. We disagree. As he admits, he bears the burden of proving prejudice. But under

§ 1003.2(c)(1), the evidence could not have helped him because it was untimely. So he suffered no prejudice.

Finally, Garcia Estrada argues that the immigration judge should at least have considered his application based on the old evidence, rather than reject the application as abandoned. Even if he has a point, he has made this argument too late. The Board rejected this argument in its first decision, in August 2019. He had thirty days to petition for review of that decision. 8 U.S.C. § 1252(b)(1). He did not. Instead, he waited almost a year, after the Board ruled on different arguments made in his motion to reopen, and petitioned for review of the 2020 decision. By then, his thirty-day window to challenge the 2019 ruling had long expired. And "filing a motion to reconsider does not toll the thirty-day period for seeking review of the earlier merits decision." *Castro v. Att'y Gen of U.S.*, 671 F.3d 356, 364 (3d Cir. 2012). So his challenge to the 2019 decision is untimely. We will thus deny the petition for review.